Argued May 22, petition allowed May 23, 1968.

ANDERSON, *Petitioner, v.* THORNTON et al, *Respondents.*

441 P. 2d 240

*Norman L. Lindstedt,* Portland, argued the cause and filed a brief for petitioner.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

This and the companion case of the same title decided today, 250 Or 183, 441 P2d 241, are proceedings to question the ballot titles prepared by the Attorney General for proposed constitutional amendments. ORS 254.070. The proposed amendments provide a plan for state acquisition of privately owned ocean shores somewhat similar to that presented by *Dority v. Thornton* decided May 1, 1968, 250 Or 62, 440 P2d 367.

In this particular proceeding the abbreviated statement proposed by the Attorney General reads:

"AUTHORIZES BONDS TO ACQUIRE
OCEAN SHORE

"PURPOSE: Constitutional amendment. Defines 'ocean shore' as beach between extreme low tide and vegetation line. dedicates 'ocean shore' as perpetual public park. Requires state notices to private claimants. Permits claimants to contest state's title within one year. Directs state to acquire privately-owned 'ocean shore,' if appropriate. Authorizes state general obligation bonds for future acquisition. Allows leasing of 'ocean shore' or granting easements or licenses, if consistent with public recreation. Confirms existing public rights in ocean shore."

In order to bring the proposed abbreviated statement within the 75 word statutory limitation the Attorney General hyphenated the words "privately-owned" for the purpose of condensing two words into one. This we cannot approve. In order to correct the statement to the 75 word limitation we have eliminated

the word "future" from the sentence in the statement reading "Authorizes state general obligation bonds for future acquisition."

As revised the ballot title is certified by this court to the Secretary of State.

Costs to neither party.